UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT DOCKET

| | |
|---|---|
| PROTECT MY CHECK, INC., ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR DECLARATORY** |
| ) | **AND INJUNCTIVE RELIEF** |
| v. ) | |
| ) | Case No. |
| CRAIG C. DILGER, Chairman, Kentucky ) | |
| Registry of Election Finance, in his official ) | |
| capacity; JOHN STEFFEN, Executive ) | |
| Director, Kentucky Registry of Election ) | |
| Finance, in his official capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, by and through undersigned counsel, hereby files this Complaint against Defendants and allege as follows:

## INTRODUCTION

1. This civil rights action seeks to vindicate the constitutional rights of corporations to participate on equal footing with unions, limited liability companies ("LLCs"), and other groups in the political process.

2. Kentucky imposes an outright ban on political contributions by corporations to candidates, parties, and political committees that support candidates, both directly from their general corporate treasuries and indirectly from corporate-financed permanent committees ("PACs").

3. Unincorporated groups, including labor unions and LLCs, are allowed to contribute thousands of dollars to candidates, parties, and political committees that support

candidates, both directly from their general treasuries and indirectly from union- or LLC-financed PACs.

4.     There is no legitimate justification for allowing unions and LLCs to contribute thousands of dollars to candidates, parties, and political committees that support candidates, while completely banning all contributions from corporations.

5.     This discriminatory ban on political contributions violates Plaintiff's rights of equal protection, free speech, and free association protected by the United States Constitution.

## JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over Plaintiff's claims for relief pursuant to 28 U.S.C. § 1331, because the claims arise under the United States Constitution. Additionally, this Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 because this action seeks to redress the deprivation, under color of the laws and regulations of the Commonwealth of Kentucky, of rights, privileges, or immunities secured by the United States Constitution.

7.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b), LR 3.1(a)(2)(A), and LR 3.2(e), because, *inter alia*, Defendants are State officials sued in their official capacities and they perform their official duties in Franklin County, Kentucky.

## PARTIES

8.     Plaintiff Protect My Check, Inc., is a tax-exempt, nonprofit, social welfare corporation organized under the laws of Florida and operating pursuant to Internal Revenue Code Section 501(c)(4).  Plaintiff is authorized to do business in Kentucky.  Plaintiff is dedicated to expanding employee rights through legislation that prohibits compulsory unionization.  But for Defendants' enforcement of the laws complained of in this action, Plaintiff would exercise its First Amendment rights by contributing, directly and indirectly, money or other things of value

to aid the election of candidates for public office in this State and to political or quasi-political organizations to be used by such organizations for the purpose of aiding, assisting, or advancing candidates for public office in this state; by making such contributions to candidates, parties, and committees that support candidates; and by establishing, financing, maintaining, and controlling a PAC to make such contributions.

9. Defendant Craig C. Dilger is the Chairman of the Kentucky Registry of Election Finance. Defendant Dilger is responsible for enforcement of Kentucky statutes and regulations regarding disclosure and regulation of campaign expenditures and contributions, including the laws complained of in this action. Defendant Dilger is empowered to enforce these laws through, *inter alia*, civil actions for injunctive, declaratory, or other appropriate relief, advisory opinions, and administrative regulations. All policy and enforcement decisions concerning the regulation of campaign finance are the ultimate responsibility of the Kentucky Registry of Election Finance. Defendant Dilger is currently enforcing the laws, practices, policies, and procedures complained of in this action. Defendant Dilger is sued in his official capacity.

10. John Steffen is the Executive Director of the Kentucky Registry of Election Finance. Defendant Steffen serves at the pleasure of the Registry and is responsible for enforcement of Kentucky statutes and regulations regarding disclosure and regulation of campaign expenditures and contributions, including the laws complained of in this action. Defendant Steffen is currently enforcing the laws, practices, policies, and procedures complained of in this action. Defendant Steffen is sued in his official capacity.

**LEGAL BACKGROUND**

11. The laws complained of in this action are Section 150 of the Kentucky Constitution, KRS 121.025, 121.035, and 121.150(20), and 32 Ky. Admin. Regs. 2:170.

12. On their face and as applied by Defendants, the laws complained of in this action impose an outright ban on political contributions to candidates, parties, and committees that support candidates, both directly from a corporation's general treasury and indirectly through a corporate PAC. *See* Advisory Opinion 2008-003.

13. Exhibit 1 accurately reflects Advisory Opinion 2008-003 and Defendants' current enforcement practices, policies, and procedures.

14. Due to Defendants' enforcement of the laws complained of in this action, a corporation may not finance a PAC that contributes to candidates or to committees that support candidates. *See* Advisory Opinion 2014-003; Ky. Op. Atty. Gen. 91-80.

15. Exhibit 2 accurately reflects Advisory Opinion 2014-003 and Defendants' current enforcement practices, policies, and procedures.

16. Exhibit 3 accurately reflects Ky. Op. Atty. Gen. 91-80 and Defendants' current enforcement practices, policies, and procedures.

17. A corporation that violates the laws complained of in this action forfeits all right to carry on any business in Kentucky and can be fined up to $10,000; any officer, director, or agent of the corporation who violates the laws complained of in this action is guilty of a Class D felony and can also be fined up to $10,000. Ky. Const. § 150; KRS 121.990.

18. No person, permanent committee, or contributing organization may contribute more than $1,000 to any one candidate, campaign committee, political issues committee, nor anyone acting on their behalf, in any one election. KRS 121.150(6).

19. No person may contribute more than $2,500 to a political party and its subdivisions and affiliates or to a caucus campaign committee in any one year. KRS § 121.150(11).

20. A direct contribution of $1,000 or less per election from a corporation to a candidate does not create a cognizable risk of corruption.

21. A direct contribution of $1,000 or less per election from a corporation to a party does not create a cognizable risk of corruption.

22. A direct contribution of $1,000 or less per election from a corporation to a committee that supports candidates does not create a cognizable risk of corruption.

23. As enforced by Defendants, the laws complained of in this action allow labor unions to make political contributions to candidates, parties, and committees that support candidates, both directly and through union-financed PACs. *See* Advisory Opinion 2002-006.

24. Exhibit 4 accurately reflects Advisory Opinion 2002-006 and Defendants' current enforcement practices, policies, and procedures.

25. A direct contribution of $1,000 or less per election from a union to a candidate does not create a cognizable risk of corruption.

26. A direct contribution of $1,000 or less per election from a union to a party does not create a cognizable risk of corruption.

27. A direct contribution of $1,000 or less per election from a union to a committee that supports candidates does not create a cognizable risk of corruption.

28. As enforced by Defendants, the laws complained of in this action allow LLCs to make political contributions to candidates, parties, and committees that support candidates, both directly and through LLC-financed PACs. *See* Advisory Opinion 2003-006.

29. Exhibit 5 accurately reflects Advisory Opinion 2003-006 and Defendants' current enforcement practices, policies, and procedures.

30. A direct contribution of $1,000 or less per election from a LLC to a candidate does not create a cognizable risk of corruption.

31. A direct contribution of $1,000 or less per election from a LLC to a party does not create a cognizable risk of corruption.

32. A direct contribution of $1,000 or less per election from a LLC to a committee that supports candidates does not create a cognizable risk of corruption.

### FIRST CLAIM FOR RELIEF
### (Equal Protection)
### (Fourteenth Amendment)

33. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

34. Plaintiff is entitled to the equal protection of law guaranteed by the Fourteenth Amendment to the United States Constitution.

35. The Fourteenth Amendment requires that the same contribution limits apply to unions, LLCs, and corporations.

36. On their face and as enforced by Defendants, the laws complained of in this action prohibit Plaintiff from making political contributions to candidates, parties, and committees that support candidates while allowing unions and LLCs to make such contributions.

37. For purposes of regulating political contributions unions, LLCs, and corporations are functionally equivalent organizations.

38. The statutory classifications imposed by the laws complained of in this action and enforced by Defendants impinge upon Plaintiff's political speech.

39. The statutory classifications imposed by the laws complained of in this action and enforced by Defendants are not narrowly tailored to prevent corruption or the appearance thereof.

40. By applying different contribution limits to unions, LLCs, and corporations, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiff of equal protection of the law, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

41. Plaintiff is therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of the unconstitutional laws, practices, policies, and procedures complained of in this action.

## SECOND CLAIM FOR RELIEF
**(Freedom of Speech and Association)**
**(First and Fourteenth Amendments)**

42. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if the same were fully set forth here.

43. Plaintiff's political speech is protected by the First and Fourteenth Amendments to the United States Constitution.

44. On their face and as enforced by Defendants, the laws complained of in this action prohibit Plaintiff from making political contributions to candidates, parties, and committees that support candidates.

45. The contribution ban imposed by the laws complained of in this action and enforced by Defendants impinges upon Plaintiff's political speech.

46. The contribution ban imposed by the laws complained of in this action and enforced by Defendants is not narrowly tailored to prevent corruption or the appearance thereof.

47. By prohibiting Plaintiff from making political contributions to candidates, parties, and committees that support candidates, Defendants currently maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiff of the

rights of free speech and association, in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

48.     Plaintiff is therefore entitled to declaratory and permanent injunctive relief against continued enforcement and maintenance of the unconstitutional laws, practices, policies, and procedures complained of in this action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court enter judgment in its favor as follows:

A.      Declare that Defendants' application of different political contribution limits to unions, LLCs, and corporations deprives Plaintiff of equal protection of the law, in violation of the Fourteenth Amendment;

B.      Declare that, by prohibiting Plaintiff from making political contributions to candidates, parties, and committees that support candidates, Section 150 of the Kentucky Constitution, KRS 121.025, 121.035, and 121.150(20), and 32 Ky. Admin. Regs. 2:170 deprive Plaintiff of the rights of free speech and association, in violation of the First and Fourteenth Amendments to the United States Constitution;

C.      Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing different political contribution limits for unions, LLCs, and corporations;

D.      Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing Section 150 of the Kentucky Constitution, KRS 121.025, 121.035, and 121.150(20), and 32 Ky. Admin. Regs. 2:170 to the extent they prohibit Plaintiff from contributing to candidates, parties, and committees that support candidates;

     E.     Award Plaintiff its costs, attorneys' fees, and other expenses in accordance with law, including 42 U.S.C. §1988; and

     F.     Order such additional relief as may be just and proper.

DATED this 18th day of June 2015.

Respectfully submitted,

/s/ Jason M. Nemes
Jason M. Nemes
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202-3116
(502) 992-5045
jnemes@fmdlegal.com

James M. Manley
(*pro hac vice application to be filed*)
Jared H. Blanchard
(*pro hac vice application to be filed*)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
500 E. Coronado Road
Phoenix, AZ 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorneys for Plaintiff*