UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT DOCKET

*ELECTRONICALLY FILED*

PROTECT MY CHECK, INC.                                                PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:15-CV-42-GFVT

CRAIG C. DILGER, Chairman, Kentucky
Registry of Election Finance, in his official capacity; and
JOHN STEFFEN, Executive Director, Kentucky
Registry of Election Finance, in his official capacity              DEFENDANTS

PROPOSED CONSENT JUDGMENT

Plaintiff Protect My Check, Inc., and Defendants Craig C. Dilger and John Steffen, in their official capacities as Chairman and Executive Director of the Kentucky Registry of Election Finance, having agreed and the Court being sufficiently advised, it is hereby ordered, adjudged, and decreed as follows:

1. The preliminary injunction granted by this Court on March 31, 2016 shall be converted to a permanent injunction, as follows:

   A. Defendants are enjoined from enforcing Section 150 of the Kentucky Constitution (Section 150) and its implementing laws against Plaintiff or any similarly situated corporation in a manner that results in disparate treatment of corporations, unions, and limited liability companies ("LLCs");

   B. Defendants are enjoined from enforcing Section 150 and its implementing laws in a manner that would prohibit Plaintiff or any similarly situated

corporation from participating in the political process through a state PAC in the same manner as unions and LLCs are allowed to participate.

2. Defendants argue that to the extent that KRS 121.150(21) allows corporations to administer a state PAC and to contribute to state candidates through that PAC, and as long as the Section 150 ban on direct contributions applies equally to corporations, LLCs, unions and other similarly situated groups, such laws are closely drawn to serve the legitimate interest of preventing the reality or appearance of *quid pro quo* corruption and are therefore constitutional under the First Amendment to the United States Constitution. Plaintiffs disagree, but concede that *Fed. Election Comm'n v. Beaumont*, 539 U.S. 146, 149 (2003), presently supports Defendants' argument. Therefore, this permanent injunction does not prohibit the Defendants from enforcing or otherwise applying Section 150 and its implementing laws to ban direct contributions by corporations, unions, LLCs, and other similarly situated groups, to the extent that these provisions—specifically KRS 121.025, KRS 121.035, and KRS 121.150(20)—are otherwise consistent with *Beaumont*.

3. The Court hereby enters a declaratory judgment finding that Defendants implemented Section 150 and its implementing laws in an unconstitutional manner by failing to apply the ban on direct corporate contributions equally to unions and LLCs and by failing to construe KRS 121.150(21) in a manner which would allow Plaintiff and other similarly situated corporations to administer a state PAC in the same manner as an LLC or union.

4. Pursuant to this Consent Judgment and agreement of the parties, the Plaintiff is the prevailing party in this action as regards its claim under the Fourteenth Amendment only and is entitled to an award of reasonable attorneys' fees in the agreed amount of $32,842.16 and $886.60 in costs, for a total award of $33,728.76, pursuant to 42 U.S.C. § 1988. The Kentucky

Registry of Election Finance will bear its own costs and pay the Plaintiff's attorneys' fees and costs as set forth herein.

5. This Consent Judgment is final and binding. All claims in this action other than the 14th Amendment claims referenced herein are dismissed with prejudice. The Court retains jurisdiction, to the extent necessary, to resolve any disputes arising under this Consent Judgment and for issuing any further orders or directions as necessary or appropriate to construe, implement, modify, or enforce the terms of this Consent Judgment.

6. All issues herein having been resolved, the Clerk of the Court shall remove this case from the Court's active docket.

7. This is a **FINAL** and **APPEALABLE** Judgment and there is no just cause for delay.

This ____ day of _____, 2016.